893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roosevelt TAYLOR, D.O., Plaintiff-Appellant,
v.
FLINT OSTEOPATHIC HOSPITAL, INC., a corporation enacted
under the law of the State of Michigan; W. Dale Ferguson,
in his official capacity as President of FOH and also in his
individual capacity; Larry Alton, D.O., in his official
capacity as Chief Advisor for Professional Review
Organization-GLSC (Genesee, Lapeer, and Shiawasse Counties)
and also Chairman of the Utilization Committee of FOH, and
also in his individual capacity; Frederick W. Van Duyne, in
his official capacity as president of PRO and in his
individual capacity; Donald R. Blass, in his official
capacity as Executive Director of PRO, and in his individual
capacity; Professional Review Organization (PRO), a
corporation entity organized under the laws of the State of
Michigan, Defendants-Appellees.
 No. 88-2149.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed an appeal from the dismissal of his civil rights suit under 42 U.S.C. Sec. 1981 as well as pendent state claims. The case was dismissed pursuant to Fed.R.Civ.P. 37(b)(2)(C) as a sanction for plaintiff's failure to comply with a discovery order. The parties have briefed the issues, plaintiff Taylor proceeding in his own behalf.
 
 
 3
 Upon consideration, we find that the district court's action was proper. A Rule 37(b)(2)(C) dismissal is reviewed for an abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Factors to be considered include, inter alia, whether the dismissed party had notice of the possibility of the dismissal, the availability of less drastic sanctions, and the "willfulness" of the dismissed party's failure to comply. Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir.1988). The record before the court reflects plaintiff's inability to cooperate with counsel, his willful failure to comply with the district court's discovery directive, and his awareness of the possibility that his noncompliance could result in dismissal. The district court did not abuse its discretion in dismissing the case at bar.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.